UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SALOME VAZQUEZ, on behalf of herself,
individually, and on behalf of all others similarly-situated,

                                Plaintiff,

                        -against-

TIBANA FINISHING, INC., and TIBERIJE MIKSA,
individually, and ANA MIKSA, individually,

                                Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

      Plaintiff, SALOME VAZQUEZ ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against TIBANA FINISHING, INC. ("Tibana"), and TIBERIJE MIKSA, individually, and ANA MIKSA, individually, (all, together, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

      1.    This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); NYCCRR tit. 12, § 146-1.2; (v) the NYLL's requirement that employers provide on each payday wage statements to

1

their employees containing specific categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a knitwear manufacturing company, and its two owners and Plaintiff's direct supervisors - - as a machine operator from 2007 through February 2017. As described below, throughout the entirety of her employment, but as is relevant here, for the six-year period pre-dating the commencement of this action, the Defendants willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, the Defendants required Plaintiff to routinely work more than forty hours per workweek, but intentionally failed to compensate her at the statutorily-required overtime rate for each hour that she worked per week in excess of forty. Rather, for the most part, Defendants compensated Plaintiff on a piece-rate basis without any regard to actual hours worked, while on other instances, depending on the type of work being perofmred, at simply a straight-time rate per hour even when those hours that Plaintiff spent performing such work were in excees of forty for the week. Moreover, Plaintiff's weekly wage fell below the minimum that either the FLSA or NYLL require for each hour worked, resulting in minimum wage violations under both statutes.

3. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

4. Defendants paid and treated all of their machine operators in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff

brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, Defendant Tibana was and is a New York corporation with its principal place of business located at 1630 Cody Avenue, Ridgewood, New York 11385.

11. At all relevant times herein, Defendant Tiberije Miksa was and is the Chief Executive Officer of Defendant Tibana, while Defendant Ana Miksa was and is a part owner of Defendant Tibana. In their respective capacities, Defendants Tiberije Miksa and Ana Miksa

personally managed and oversaw the day-to-day operations of Tibana, and were ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. Furthermore, both Defendants Tiberije Miksa and Ana Miksa had the power to hire and fire and approve all personnel decisions with respect to Defendant Tibana's employees, and Ana Miksa did in fact fire Plaintiff. Defendants Tiberije Miksa and Ana Miksa also both directly supervised all of Defendants' employees, including Plaintiff.

12. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Tibana's qualifying annual business exceeded and exceeds $500,000, and Defendants engaged in interstate commerce within the meaning of the FLSA, as they use products, supplies, and other materials in the course of their business of manufacturing clothing, such as machinery, textiles, and tools, which originate in states other than New York, and also accepted payments in cash that naturally moved across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime and minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as machine operators, or in a similar role, and who consent to file a claim to recover damages for overtime compensation and/or minimum wages that are legally due to them ("FLSA Plaintiffs").

4

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours that they worked per workweek in excess of forty; and/or (6) were not paid at least the statutory minimum wage rate for all hours worked.

15. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and all FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage rate for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants as machine operators, or in a similar role, and who: (1) did not receive compensation at the legally-required overtime rate of pay for each hour worked per week over forty; and/or (2) did not receive at least the statutory minimum wage rate for all hours worked; and/or (3) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

20. During the previous six years the Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether the Defendants failed to pay Rule 23 Plaintiffs at least the statutory

minimum wage rate for all hours worked; (6) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (7) whether the Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.     As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial employees, and Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or pay them at least the statutory minimum wage rate for all hours worked; and/or provide them with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, to be paid at least the statutory minimum wage rate for all hours worked, and to be furnished with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct.  Thus,

Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff overtime for all hours worked over forty in a week, did not pay Plaintiff at least the statutory minimum wage rate for all hours worked, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

### Superiority

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any non-managerial employee who performed any work for Defendants as machine operators, or in a similar role, would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## **BACKGROUND FACTS**

28. Defendants own and operate a knitwear manufacturing company in Queens County, New York that specializes in production of sportswear.

29. In or around 2007, Defendants hired Plaintiff to work for Defendants as a machine operator. Plaintiff commenced her employment with Defendants in that role at that time.

30. As a machine operator, Plaintiff's main duties consisted of operating machines used to knit fabric in the production of sportswear.

31. From at least April 2011 through February 2017, Defendants required Plaintiff to work either five or six days per week. Specifically, Plaintiff worked every Monday through Friday, starting at approxiamately 9:00 a.m. and ending at anywhere between 6:00 p.m. and 6:30 p.m., while taking a thirty-minute break each day. Additionally, Defendants required Plaintif to work on Saturday three times each month, starting at approxiamately 9:00 a.m. and ending at approximately 1:00 p.m. Thus, by approximation, for this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, between forty-two and one-half and forty-nine hours per week.

32. For the entirety of this period, Defendants paid Plaintiff by commission on a piece-rate basis as follows:

$1.75 per dozen extra-small sweaters;

$2.00 - $3.00 per dozen medium through large sweaters;

$3.50 per dozen extra-large sweaters;

$4.50 per dozen double through quadruple extra-large sweaters.

9

During this entire period, Defendants failed to pay Plaintiff an overtime premium for the hours that she worked each week in excess of forty.

33. Additionally, for the entirety of this period, during random weeks based on Defendants' production needs, Defendants required Plaintiff to work at a separate station manufacturing collars, which she worked at between ten to fifteen hours per week for the weeks that she performed such work. Defendants paid Plaintiff $9.00 per hour for this work, but failed to pay her an overtime premium for the hours that she spent performing this work during those weeks in excess of forty.

34. Furthermore, for the entirety of this period, Defendants paid Plaintiff weekly earnings that amounted to an hourly rate that fell below the minimum wage rate for all hours worked.

35. By way of example only, during the week of August 7 through August 13, 2016, Defendants required Plaintiff to work, and Plaintiff did work, six days, from 9:00 a.m. until 6:30 p.m. from Monday through Friday (with a thirty-minute break each day), and then from 9:00 a.m. until 1:00 p.m. on Saturday, for a total of forty-nine hours that week. During this week, Defendants required Plaintiff to work all forty-nine hours knitting sweaters. For her work that week, Defendants paid Plaintiff $213.00, which amounted to a sub-minimum hourly rate of $4.34. Defendants also did not pay Plaintiff overtime premiums for any hours that she worked that week in excess of forty.

36. As a second example, during the week of October 9 through October 15, 2016, Defendants required Plaintiff to work, and Plaintiff did work, six days, from 9:00 a.m. until 6:30 p.m. from Monday through Friday (with a thirty-minute break each day), and then from 9:00 a.m. until 1:00 p.m. on Saturday, for a total of forty-nine hours that week. During these hours,

Defendants required Plaintiff to work thirty-seven hours knitting sweaters and twelve hours at the collar station.  For her work that week, Defendants paid Plaintiff $310.00, which included $202.00 for sweaters and $108.00 for her hourly work at the collar station, which amounted to a sub-minimum hourly rate of $6.32.  Defendants also did not pay Plaintiff overtime premiums for any hours that she worked that week in excess of forty.

37.    Defendants paid Plaintiff in cash on a weekly basis until August of 2016, at which point Defendants started paying Plaintiff by check for the duration of her employment.

38.    On each occasion when they paid Plaintiff (either by cash or check), Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime or straight-time rate of pay.

39.    Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40.    Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

41.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

42.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than the greater of one and one-half times their regular rate of pay or one and one-half times the minimum wage, if greater, for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

46. Defendants willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

53. Defendants willfully violated the FLSA.

54. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than the greater between one and one-half times their regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the greater of their respective regular rate of pay or one and-one-half times the minimum wage.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCCRR*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

64. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

65. As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

66. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

67. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **DEMAND FOR A JURY TRIAL**

74. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

   i. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

   j. Pre-judgment and post-judgment interest, as provided by law; and

   k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    April 4, 2017

            Respectfully submitted,
            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            655 Third Avenue, Suite 1821
            New York, New York 10017
            Tel. (212) 679-5000
            Fax. (212) 679-5005

By: _____
    JEFFREY R. MAGUIRE (JM 4821)
    ALEXANDER T. COLEMAN (AC 8151)
    MICHAEL J. BORRELLI (MB 8533)