UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALOME VAZQUEZ, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>TIBANA FINISHING, INC., and TIBERJE MIKSA, individually, and ANA MIKSA, individually,<br><br>　　　　　　　　Defendants. | Civil Action No.: 17-cv-1907 (PK) |

### ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT

This matter having come before the Court for a fairness hearing on January 15, 2019, pursuant to the Court's Order Granting the Motion for Preliminary Approval of Settlement of Collective and Class Action entered September 13, 2018 ("Preliminary Approval Order") (Dkt. No. 42). Upon due and adequate notice having been given to the Settlement Class Members, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement ("Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Federal and New York Classes as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) and Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1

1. This Order GRANTING the Consent Motion for Final Approval of Class and Collective Action Settlement, Service Awards for Named Plaintiff, Salome Vazquez, and Opt-in Plaintiff Blanca Maza, an Award for Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Pendency of Class Action Settlement("Notice"), together with the Claim Form and Release (together with Notice as the "Notice Packet"), constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing held on January 15, 2019, the actual Notice Packet distributed to Class Members was adequate as these papers informed Class Members of applicable deadlines and other events including the date and location of the Fairness Hearing and how Class Members could obtain additional information, and adequate periods of time were provided by each of these procedures.

4. Pursuant to Fed. R. Civ. P. 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finds it is fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3), *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.

1974), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order and orders all Parties to take the necessary steps to effectuate the Settlement.

    5.    The Court previously certified and now grants final certification to the following two Settlement Classes:

    (a)    under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as sewing and/or stitching machine operators for Defendants at any time between April 4, 2011 through September 13, 2018, and who may be owed unpaid minimum wage and overtime compensation and statutory damages; and

    (b)    under 29 U.S.C. § 216(b), all individuals who worked as sewing and/or stitching machine operators for Defendants at any time between April 4, 2014 through September 13, 2018, and who may be owed unpaid minimum wage and overtime compensation and statutory damages.

    6.    The Court hereby makes the following findings of fact:

    (a)    Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

(b) The Settlement Agreement, the settlement contained therein, and any act performed or document executed pursuant to or in furtherance of the Agreement or this settlement: (i) are not and may not be deemed or used as an admission of, or evidence of, the validity of any Released Class Claims, Released Authorized Claimant Claims, Service Award Recipient Released Claims, or any claim asserted in the Action, any wrongdoing or liability of Defendants or the Released Entities, or whether class or collective certification is warranted in any other litigation; and (ii) are not and may not be deemed or used as an admission of, or evidence of, any fault or omission of Defendants or the Released Entities in any civil, criminal, or administrative proceeding in any Court, administrative agency or other tribunal.

(c) The distribution of the Settlement is fair, reasonable, and equitable.

(d) The Settlement provides for a Settlement Fund of $425,000.00, of which $283,416.90 is available to satisfy the claims of the Settlement Class Members. Out of forty-nine people who were mailed notices, fifteen Class Members submitted claim forms, 0 Class Members opted out, and 0 Class Members objected. All fifteen Class Members who submitted a claim form will receive the amount specified at Attachment A to this Order, which is based on the number of weeks that he or she worked between April 4, 2011 and September 13, 2018. Recovery for each Class Member is based on the following formula:

$$\frac{\text{Individual's Actual Weeks Worked}}{\text{Aggregate Number of Weeks Worked (8,977.43)}} \times \text{Settlement Amount Allocated to Class Members (\$283,416.90)}$$

(e) The Settlement provides for a $10,000.00 Service Award each for Named Plaintiff Salome Vazquez and Opt-in Plaintiff Blanca Maza, totaling $20,000.00.

(f) The Settlement also provides for a payment of $106,250.00, or the equivalent of 25% of the total Settlement Fund, plus $7,833.10 for Class Counsel's out-of-pocket expenses, totaling $114,083.10, to be made to Borrelli & Associates, P.L.L.C.

(g) The Class Administrator fee is to be paid to Arden Claims Service, LLC in the amount of $7,500.00.

(h) Given the disputed issues of fact and law, the risks to the Settlement Class Member and Defendants, and the delay that would be caused by continued litigation, including anticipated motion practice, potential trial, and the subsequent appeal of any judgment after trial, the terms and amount offered in the Settlement are fair, reasonable, adequate and in the best interest of the Class Members

(i) Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the Named Plaintiff, Opt-in Plaintiff, and Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because

       of their extensive experience in similar actions. Defendants' counsel likewise has substantial experience in this area and also agrees that the Settlement is fair and reasonable.

(j) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, in the best interests of the Settlement Class, and in full compliance with all applicable due process requirements. The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

(b) The Settlement is hereby approved as fair, reasonable, and adequate. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiff, Opt-in Plaintiff, and all members of the Settlement Classes shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth

therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members, including the Named and Opt-in Plaintiff, shall release Defendants from NYLL wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) The Named Plaintiff, Opt-in Plaintiff, and all Class Members that submitted valid claim forms, shall release Defendants from all FLSA claims that were asserted or could have been asserted in this lawsuit.

(g) The Named Plaintiff, Salome Vazquez, and Opt-in Plaintiff, Blanca Maza, shall additionally release Defendants from any and all claims arising from their employment with Defendants in exchange for their service awards.

(h) By operation of the entry of this Order, and except as to such rights or claims as may be created by the Agreement, each Service Award Recipient on behalf of themselves, their heirs, executors, administrators, successors, assigns, estates, representatives, subsidiaries, affiliates, and agents, fully and forever releases and discharges the Released Entities from all Released Class Claims, all Released Authorized Claimant Claims, and all Service Award Recipient Released Claims.

(i) By operation of this Order, and except as to such rights or claims as may be created by the Settlement Agreement, each individual Authorized Claimant on behalf of themselves, their heirs, executors, administrators, successors, assigns, estates, representatives, subsidiaries, affiliates, and agents forever

    and fully releases and discharges the Released Entities from all Released Class Claims and Released Authorized Claimant Claims.

(j) By operation of this order, and except as to any such rights or claims as may be created by the Settlement Agreement, each individual Class Member on behalf of themselves, their heirs, executors, administrators, successors, assigns, estates, representatives, subsidiaries, affiliates, and agents forever and fully releases and discharges the Released Entities from all Released Class Claims.

(k) All claims against Defendants in this action as provided in the Court-approved Claim Form and Release are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

(l) Having reviewed the appropriate case law, the requests for service awards are granted. Arden Claims Service, LLC is hereby ordered to pay Salome Vazquez and Blanca Maza $10,000.00 each, totaling, $20,000.00, from the Settlement Fund.

(m) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $106,250.00 is fair and reasonable and is granted. Having

8

        reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for expenses in the amount of $7,833.10 is granted.

    (n)    Arden Claims Service, LLC is to be paid $7,500.00 for administration fees and costs from the Settlement Amount.

    (o)    Any unclaimed funds remaining in the Settlement Fund shall revert to Defendants pursuant to the terms in the Settlement Agreement.

8.    Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this 6th day of February, 2019, Brooklyn, New York.

                                             *Peggy Kuo*
                                             PEGGY KUO
                                    United States Magistrate Judge

**Attachment A**

| Class Member | Weeks Worked | Percentage of Share | Distribution Amount |
|---|---|---|---|
| Ximena Gamboa | 6.57 | 0.073199% | $207.46 |
| Maricela Cajamarca | 22.57 | 0.251424% | $712.58 |
| Yesenia Pacheco | 189.43 | 2.110054% | $5,980.25 |
| Gladys Perez | 205.43 | 2.288279% | $6,485.37 |
| Blanca Maza | 322.86 | 3.596321% | $10,192.58 |
| Marcia Baretto | 129.00 | 1.436937% | $4,072.52 |
| Rosa Simbana | 2.43 | 0.027052% | $76.67 |
| Rosa Moran | 28.29 | 0.315076% | $892.98 |
| Olga Flores | 36.43 | 0.405780% | $1,150.05 |
| Gaudencia Garcia | 301.71 | 3.360810% | $9,525.10 |
| Maria Maza | 271.57 | 3.025047% | $8,573.49 |
| Blanca Lema | 89.57 | 0.997740% | $2,827.76 |
| Gloria Prieto | 292.86 | 3.262150% | $9,245.48 |
| Salome Vazquez | 303.57 | 3.381496% | $9,583.73 |
| Celia Morocho | 200.00 | 2.227809% | $6,313.99 |